# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : 2:19-CR-088 |
| | : JUDGE SARGUS |
| v. | : |
| JOHN WILLIAM SHADE III, | : |
| Defendant. | : |

## AMENDED
## ORDER OF FORFEITURE

WHEREAS, in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, the Superseding Information (Doc. 36) filed in this action contained a Forfeiture Allegation notifying Defendant John William Shade III that the United States sought the forfeiture of property under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), based on the conduct of Defendant John William Shade III as alleged in Counts One through Three of the Superseding Information, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), including, but not limited to: an LC9S Ruger firearm bearing serial number 327-81905; a GLOCK19 9mm firearm bearing serial number BFSP924; and 100 rounds of 9mm Luger ammunition bearing "FC" markings; and

WHEREAS, in the Plea Agreement (Doc. 37) filed on September 27, 2019, Defendant John William Shade III agreed to plead guilty to Counts One through Three of the Superseding Information. Defendant John William Shade III also agreed to forfeit all of his right, title, and interest in all firearms and ammunition in his case, including but not limited to the following: an LC9S Ruger bearing serial number 327-81905; a Glock19, 9mm bearing serial number BFSP924; and approximately 100 rounds of 9mm Luger ammunition bearing "FC" markings. Defendant

John William Shade III acknowledged that these firearms and ammunition were involved in the offenses of 18 U.S.C. § 922 and 18 U.S.C. § 924 as alleged in the Superseding Information to which he has agreed to plead guilty and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Defendant John William Shade III agreed not to contest the judicial and/or administrative forfeiture of the firearms and ammunition and agreed to the entry of an Order of Forfeiture forfeiting the property to the United States. Defendant John William Shade III waived the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in his presence at sentencing, and incorporation of the forfeiture in the judgment; and

WHEREAS, on November 12, 2019, Defendant John William Shade III entered a Plea of Guilty to Counts One through Three of the Superseding Information and agreed to forfeiture in accordance with the Forfeiture Allegation of the Superseding Information; and

WHEREAS, on December 20, 2019, the United States filed a Notice (Doc. 49) with the Court advising that the firearms identified in the Forfeiture Allegation of the Superseding Information have not yet been located. Therefore, the United States does not seek an Order of Forfeiture against the LC9S Ruger bearing serial number 327-81905 and the Glock19, 9mm bearing serial number BFSP924; and

WHEREAS, on October 7, 2020, the United States filed a Motion to Amended the Preliminary Order of Forfeiture (Doc. 75) notifying the Court that additional ammunition involved in Defendant John William Shade III's offenses in violation of 18 U.S.C. § 922 and 18 U.S.C. § 924 was seized during the investigation in this case and is, therefore, also subject to forfeiture in this case. The additional ammunition is described as: Approximately one (1) round of Hornady

40 Smith and Wesson ammunition; Approximately fifty-six (56) 9mm Luger shell casings; and, Approximately three (3) 9mm Luger cartridges; and

WHEREAS, on September 17, 2020, the Court held Defendant John William Shade III's sentencing hearing and, in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, verbally pronounced the forfeiture of the property from the Defendant as part of his sentence. (*See* Doc. 72.)  On September 23, 2020, the Court issued its Judgment (Doc. 73) sentencing Defendant John William Shade III to forfeit his interest in the property identified for forfeiture in this case as part of his sentence; and

WHEREAS, based upon the record of this case, the agreement of the parties, and the Motion of the United States, the Court finds that the requisite nexus exists between the subject property described herein and the violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) which Defendant John William Shade III has pleaded guilty to, that the property is therefore forfeitable to the United States under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and that the United States is now entitled to possession of the property described herein.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1. That Defendant John William Shade III shall forfeit to the United States the subject property that is:

> **Approximately 100 rounds of 9mm Luger ammunition bearing "FC" markings;**
>
> **Approximately one (1) round of Hornady 40 Smith and Wesson ammunition;**
>
> **Approximately fifty-six (56) 9mm Luger shell casings; and,**
>
> **Approximately three (3) 9mm Luger cartridges**.

2. That the designated agent with the Federal Bureau of Investigation shall immediately seize the subject property and hold same in its secure custody and control.

3. That the United States is authorized to conduct any discovery proper in identifying, locating, or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. That in accordance with 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Amended Order and of its intent to dispose of the subject property in such manner as the Attorney General may direct.  The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. That pursuant to Fed. R. Crim. P. 32.2(b)(4), this Amended Order of Forfeiture is final as to Defendant John William Shade III and is, by entry of this Amended Order, made part of the sentence and Judgment issued against him by this Court.  If no third party files a timely claim, the United States may, as provided by Fed. R. Crim. P. 32.2(c)(2), notify the Court that this Order shall become the Final Order of Forfeiture.

6. That following the Court's disposition of all petitions filed in accordance with 21 U.S.C. § 853(n), or, if no such petitions are filed, following the expiration of the period for the filing of such petitions, the United States shall have clear title to the subject property.

7. That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**ORDERED** this 8th day of October, 2020.

s/Edmund A. Sargus, Jr.
HONORABLE EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


s/Jessica W. Knight
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney
Attorney for Plaintiff