**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

                               **Case No. 2:19-cr-88**
        **Plaintiff,**                 **JUDGE EDMUND A. SARGUS, JR.**

        **v.**

**JOHN WILLIAM SHADE, III,**

        **Defendant.**

## OPINION AND ORDER

Currently pending before the Court is Defendant John William Shade's Motion for Compassionate Release, (ECF No. 86), as supplemented twice by counsel (ECF Nos. 93, 94). The Government responded in opposition. (ECF No. 95). For the following reasons, Shade's Motion for Compassionate Release (ECF No. 86), as supplemented (ECF Nos. 93, 94), is **DENIED.**

**I.**

On November 12, 2019, Shade pleaded guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts One and Two), and Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). (Superseding Indictment, ECF No 36; Minute Entry. ECF No. 42). On September 17, 2020, this Court sentenced Shade to a twenty-four (24) month term of imprisonment, followed by a three (3) year term of supervised release, which includes a special condition requiring Shade to serve four months in Alvis House. (Minute Entry, ECF No. 72; Judgement, ECF No. 73).

In September of 2020, when this Court sentenced Shade, the United States was in the middle of the Coronavirus Pandemic. This Court set Shade's self-surrender date to January 4, 2021. Shortly before that self-surrender date, on December 18, 2020, this Court held a status

hearing. (ECF No. 82). At that status hearing this Court asked Shade whether he would like a one-month extension to his self-surrender due to the pandemic. Shade showed no interest in delaying his self-surrender date. This Court then gave Shade until December 23, 2020 to confer with counsel and notify the Court if he changed his mind. (*Id.*) Through counsel, Shade informed the Court he had not reconsidered and that he would report to the custody of the Bureau of Prisons on January 4, 2021. (Gov. Ex. 1, ECF No. 95-1).

On January 5, 2021, Shade requested a compassionate release from the Warden. (ECF No. 86, PageID 380). Shade then moved this Court for a Compassionate Release due to the Coronavirus Pandemic on February 9, 2021. (*Id.*) Shade has now been incarcerated for approximately four (4) months.

In April 2021, Shade received two shots of a Covid-19 vaccine, and he is now fully vaccinated. (Gov. Ex. 2, ECF 95-2).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003–04 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

## III.

Shade moves for a compassionate release to home confinement. Accepting as true that Shade submitted a request for compassionate release to the Warden on January 5, 2021, then more than thirty (30) days have passed and the Court has the authority to decide his motion for compassionate release.

Shade submits that due to his medical conditions the Coronavirus Pandemic poses him a particularized threat and is an extraordinary and compelling reason for relief. However, Shade is now fully vaccinated. Accordingly, the Court finds that the Coronavirus Pandemic is not an extraordinary and compelling reason for Shade's release.

## IV.

For the reasons stated above, Defendant John William Shade's Motion for Compassionate Release, (ECF No. 86), as supplemented (ECF Nos. 93, 94), is **DENIED**.

**IT IS SO ORDERED.**


**5/24/2021**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**