# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

               Plaintiff,      :      Case No. 2:19-cr-088
                                                         Also Case No. 2:21-cv-4200

                                                          District Judge Edmund A. Sargus, Jr.
    -  vs  -                                  Magistrate Judge Michael R. Merz

JOHN WILLIAM SHADE, III,

               Defendant.          :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 140) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 128). District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 141). The United States has filed a Response to the Objections (ECF No. 147), making the Objections ripe for consideration.

Shade's Motion to Vacate pleads four grounds for relief:

    (1)  Deprived of Sixth Amendment right to effective assistance of pre-trial counsel.

    (2) Deprived of the 4th Amendment protection from illegal search and seizure.

1

(3) Deprived of 1st & 13th Amendment protections due to Government's Free Speech retaliation.

(4) Deprived of Due Process due to plea induced by Government threats to prosecute 3rd parties.

**Procedural Default Defense**

The United States asserted that Shade's Third and Fourth Grounds for Relief were procedurally defaulted. The Report agreed and recommended those claims be dismissed on that basis (Report, ECF No. 128, PageID 787-89). Shade raises no objection targeted at this recommendation and it should therefore be adopted.

**Ground Two: Deprivation of Fourth Amendment Rights**

In his Second Ground for Relief, Shade claims the Government violated his rights under the Fourth Amendment. The Report recommended Ground Two be dismissed as not cognizable in habeas corpus under *Stone v. Powell*, 428 U.S. 465 (1976), noting that *Stone* applies to bar consideration of Fourth Amendment claims in § 2255 proceedings. *Ray v. United States,* 721 F.3d 758 (6th Cir. 2013).

Shade objects that his Fourth Amendment claims were never considered on the merits in any proceeding. He quotes language in *Stone* and *Reed v. Farley* to that effect (Objections, ECF No. 140, PageID 842). Of course, his Fourth Amendment claims were not considered in any prior state court proceeding because this case was not prosecuted in the state courts, but *Stone* applies to § 2255 proceedings as well as to habeas corpus cases. His Fourth Amendment claims were not considered on the merits in this federal case because the motions to suppress were withdrawn (or

2

in the case of the third motion to suppress, never filed) because Shade entered into a Plea Agreement and then pleaded guilty.

In defense of pleading Ground Two, Shade argues in his Objections:

> To be clear, the claims presented in Ground Two of Shade's 2255 motion and supported by the arguments [to follow] are presented herein not in the context of a free standing Fourth Amendment habeas claim, but to comply with *Kimmelman v. Morrison*.

(Objections, ECF No. 140, PageID 821, purportedly quoting Reply, ECF No. 126 at 2. In fact, the language is quoted from ECF No. 126 at PageID 696.) Of course ineffective assistance of trial counsel in failing to move to suppress can be shown to demonstrate deficient performance, the first prong of an ineffective assistance of trial counsel claim under *Strickland v. Washington,* 466 U.S. 668 (1984). But that is not the way Ground Two has been pleaded. Instead, it is pleaded as a stand-alone ineffective assistance of trial counsel claim. Consideration of Ground Two as a stand-alone claim is barred by *Stone*. Consideration of Ground Two as a predicate for a finding of deficient performance is barred by Shade's waiver of such a claim explicitly in the plea colloquy and implicitly by his guilty plea.

**Ground One: Ineffective Assistance of Counsel as to Motions to Suppress**

In his First Ground for Relief, Defendant claimed he received ineffective assistance of trial counsel when his attorney withdrew two motions to suppress she had filed and failed to file a third. The accused attorney responded with an affidavit claiming the motions to suppress were withdrawn or not filed because the defense was in the process of negotiating a plea agreement

3

which was eventually accepted and which achieved many of Shade's objectives, including preventing the filing of a superseding indictment with more serious charges (Memorandum of Constance A. Gaddell-Newton, ECF No. 116).

The Report found that the constitutional violations alleged in the motions to suppress were waived by Shade's unconditional plea of guilty which he had neither sought to withdraw nor challenged on appeal. (Report, ECF No. 128, PageID 793). The claim of ineffective assistance of trial counsel was also waived explicitly in the Plea Agreement (ECF No. 37, PageID 135, ¶ 14) and oral plea colloquy (Transcript, ECF No. 117, PageID 611, et seq.).

Shade's Objections do not explain why review of the merits of his Fourth Amendment claims is not barred by his guilty plea and Plea Agreement. He asks rhetorically how a layman is supposed to know all the Fourth Amendment law that he was able to cite in his Reply (Objections, ECF No. 140, PageID 820). For example with respect to the search warrants in the case, he states:

> With regard to the search warrants, Mr. Shade never inspected them pre-plea—not that he would have known what he was looking for. No non-attorney layperson could be expected to assess a warrant for something as nuanced as a probable cause finding.

*Id.* But if Shade did not know the relevant Fourth Amendment law, why did he tell the Court, under oath, that he did understand and was satisfied with the advice he had been given? A defendant who says he is satisfied with the representation he has received will not be heard to contradict himself and thereby obtain relief from his conviction. Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976).

Shade's Objections regarding the First Ground for Relief should be overruled.

4

**General Objections**

Shade begins his Objections by reciting: "For all intents and purposes, Shade incorporates his arguments in his Motion to Vacate (Doc. #100) and his Reply (Doc. #126) as if fully setout herein for full consideration of the merits." This attempted incorporation by reference, if accepted, would completely defeat the purpose of requiring specific objections to a Magistrate Judge's report and recommendations.

The failure to file specific objections is a waiver of right to raise issues on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981);

> Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden,* 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).  Making some objections but failing to raise others will not preserve all objections a party might have had.  Only specific objections are preserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).  The district court need not provide *de novo* review where objections to a magistrate judge's report and recommendations

are frivolous, conclusive, or general. Parties have a duty to pinpoint portions of the report that the Court should consider. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). If a party files a general objection and incorporates other papers by reference and that approach undermines the purposes of the Magistrate's Act, that party will have waived the right to appeal. *Neuman v. Rivers*, 125 F.3d 315 (6th Cir. 1997).

**Shade's Reply was Untimely Filed**

The Report found Shade's Reply was untimely filed and should not be considered (ECF No. 128, PageID 785). Shade's Objection No. 1 claims his Reply, filed February 28, 2022, was indeed timely (Objections, ECF No. 140, PageID 817). The history of this issue, as shown by the docket, is as follows:

| | |
|---|---|
| 08/25/2021 | Magistrate Judge Jolson orders the government to answer the Motion to Vacate and sets Shade's reply due date at fourteen days after the answer is filed (ECF No. 104). |
| 12/28/2021 | Government files its answer (ECF No. 118). |
| 12/29/2021 | Court reminds Shade that due date for reply is January 14, 2022 (ECF No. 120). |
| 01/13/2022 | On Shade's Motion (ECF No. 122), the undersigned extends his time to file a reply to January 28, 2022 (ECF No. 123). |
| 01/27/2022 | On Shade's Motion (ECF No. 123), Shade's time to file a reply is extended to the twenty-eighth day after the Clerk mails him a copy of the Government's Response (Answer)(ECF No. 124). The docket shows mailing the same day. The due date is thus February 24, 2022. |
| 02/28/2022 | Date on which Shade claims he mailed his Reply (ECF No. 126, PageID 745). |

6

On the basis of this history, the Report found the Reply was filed late, counting the claimed date of mail deposit as the filing date under *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)).

Shade claims he never received notice of the February 24, 2022, deadline because the Clerk never sent it to him. The docket shows the Clerk did send it to him. He claims the docket does not show the Order was sent, and then says he cannot see the docket (Objections, ECF No. 140, PageID 817). How does he know what the docket does or does not show if he cannot see it? Shade further asserts his lack of receipt of the Order is shown by the "legal mail log book at FCI McDowell," but no excerpt from that logbook is attached and the Court is not advised of the rules for maintaining that logbook.

Shade claims proof of his non-receipt is a copy of the attached Trulincs messages with Attorney Alan Pfeuffer. (Exhibit A). The content of those messages tells a different story. The first message is on February 16, 2022, and tells Pfeuffer that he "finally received my copy of the government response to my 2255." It does not say when, but the January 27, 2022, Order which set the reply date was mailed with a copy of the Government Response as attested by the relevant docket entry.

Shade claims he was unable to figure out when the reply was due. Was he unable to calculate twenty-eight days from the postmark? He had repeatedly successfully asked the Court for extensions of time and mailed other motions which received responses from the Court (ECF Nos. 101, 102, 103, 105, 107, 109, 110, 121, 123, 129, and 131). Why not ask the Court for clarification of the due date if, as he claims, it was "extremely ambiguous"?

7

Even accepting as true Shade's averment that he mailed his Reply on February 28, 2022, it was indeed untimely and need not be considered on the merits. And as Respondent notes, the Magistrate Judge did in fact consider the Reply.

**Shade's Fourth Amendment Claims Were Waived by his Guilty Plea; in the Alternative, They are Not Cognizable in this Proceeding**

In his Second Ground for Relief Shade claims he was deprived of his rights under the Fourth Amendment. The Report recommends dismissing this claim with prejudice because Shade pleaded guilty and a guilty plea has the effect of waiving pre-plea constitutional violations (Report, ECF No. 128, PageID 791-95).

Shade's response seems to be that he did not know what Fourth Amendment doctrine or precedent was applicable to his case and no layman should be expected to do so:

> With regard to the motions to suppress, Mr. Shade never had cause to read or analyze those pleadings. Nor should he have been expected to. Again, he relied entirely on his attorney's education, experience, expertise, and advice. Is that not what a criminal defense attorney is hired to provide?

(Objections, ECF No. 140, PageID 821). He offers no rebuttal of the Report's legal conclusion that a guilty plea waives pre-plea constitutional violation. Nor does he quarrel with the finding that he did in fact plead guilty pursuant to a written plea agreement and he has never attempted to withdraw the guilty plea nor have it set aside. He offers no dispute of the fact that the Plea Agreement states that he is fully satisfied with counsel's representation or his oral repetition of those assurances in the plea colloquy.

Even if these pre-plea constitutional claims were not waived by the guilty plea, they would be barred by *Stone v. Powell*, 428 U.S. 465 (1976), as the Report recommended. Shade's objection is that no state court ever considered his Fourth Amendment claims (Objections, ECF No. 140, PageID 820). Of course not – this case was never in the state courts. And, as he correctly observes, this Court never ruled on his Fourth Amendment claims. *Id.* But that is because he withdrew them as part of pleading guilty. *Stone* focuses on whether a defendant had a full and fair opportunity to raise his Fourth Amendment claims. The Sixth Circuit has squarely held that *Stone* applies to Fourth Amendment claims brought in § 2255 motions. *Ray v. United States*, 721 F.3d 758, 761-762 (6th Cir. 2013). Because Shade could have had his Fourth Amendment claims adjudicated on his motions to suppress, he cannot obtain a merits assessment of his Fourth Amendment claims in a collateral § 2255 proceeding. His Second Ground for Relief should therefore be dismissed.

**Objection Number 3**

Shade objects to what he says is the Report's "finding that counsel's tactical strategy rose to the level of effective assistance guaranteed by the sixth amendment." (Objections, ECF No. 140, PageID 823.) With respect, there is no such finding. Whether or not the motions to suppress were good tactical moves is irrelevant because the motions were withdrawn before being adjudicated in deference to the decision to accept a plea agreement. Shade recites the usual criticism of attorneys who attempt to cover poor performance with a claim it was tactical, but that is not what happened here: counsel defends taking the plea agreement by asserting that's what Shade wanted.

**Objection Number Four**

Shade objects to the Magistrate Judge's finding that favorable concessions were obtained by pleading guilty. No such concessions could possible outweigh outright dismissal of the charge, he claims, and that would have been the result of litigating the motions to suppress. That of course is a truism, but it assumes winning on the motions to suppress that had already been filed, not the motions that Shade hypothesizes now. It is another way of expressing the buyer's remorse the Court often sees in defendants who regret now the decision to plead, knowing what they know (or believe) when they have had time to think more about the consequences of pleading.

Shade claims now (in his untimely Reply) that the concessions he received were of no real consequence. In fact, he was not indicted for more serious crimes or on additional counts. And if these were not significant, why did he accept the plea agreement?

Shade objects to the Report's finding that he never attempted to withdraw his guilty plea, but the best he can offer is a letter to Judge Sargus hinting at possible ineffective assistance of trial counsel. But he never filed a motion to withdraw his guilty plea.

**Objection 5: Not recommending an evidentiary hearing**

Shade objects that the Magistrate Judge never recommended an evidentiary hearing.

In the body of his Motion, Shade endorsed a request for an evidentiary hearing on Grounds Three and Four, but never followed up with any suggestion of what factual issues needed resolution

10

by such a hearing. He also never filed an independent motion for a hearing and does not say in his Objections what factual issues require a hearing. The Government's Response to the Motion to Vacate does not suggest that an evidentiary hearing is needed, but rather that the Motion could be resolved on the pleadings. Shade himself filed a motion for judgment on the pleadings before a Response was filed (ECF No. 110).

Because Shade never called to the Court's attention his asserted need for an evidentiary hearing, his Fifth Objection should be overruled.

**Objection No. 6 – No recommendation for a certificate of appealability**

In his Sixth Objection, Shade criticizes the Report for not recommending a certificate of appealability. The Objections make clear Shade's belief that a § 2255 movant is entitled to a certificate of appealability on any issues decided on a procedural basis, but that is not correct. To demonstrate an entitlement to a certificate of appealability, a § 2255 movant must show that reasonable jurists would disagree with some conclusion in a District Court decision on which reasonable jurists would disagree. Shade has not made any such showing.

**Conclusion**

Having reconsidered the case on the basis of Shade's Objections, the Magistrate Judge again respectfully recommends the Motion to Vacate be denied. Because Shade has not shown that reasonable jurists would disagree with this conclusion, it is also recommended that Petitioner

be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

July 20, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
