UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**            Case No.: 2:19-cr-88
                                     Also Case No.: 2:21-cv-4200
      v.                          JUDGE EDMUND A. SARGUS, JR.
**JOHN WILLIAM SHADE, III,**      Magistrate Judge Michael R. Merz

      **Defendant.**

## OPINION AND ORDER

On March 23, 2022, the Magistrate Judge issued a Report and Recommendation (ECF No. 128) recommending that Petitioner John William Shade, III's Motion to Vacate filed under 28 U.S.C. § 2255 (ECF No. 100) be denied and that any appeal would be objectively frivolous. Petitioner timely filed objections (ECF No. 140), and in light of the objections this Court recommitted the case to the Magistrate Judge for consideration (ECF No. 141).

On July 21, 2022, the Magistrate Judge issued a Supplemental Report and Recommendation recommending that the § 2255 Motion to Vacate be denied and finding that no reasonable juror would disagree with that conclusion. (ECF No. 148.) Petitioner Shade timely objected to the Report (ECF No. 150) and filed an Amended Objection (ECF No. 151). The government responded in opposition to Petitioner's Objections. (ECF No. 152.)

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. Objections to the Magistrate Judge's Supplemental Report and Recommendation are substantially like the arguments previously considered and rejected by the Magistrate Judge on multiple occasions. As the government correctly points out, most of the language from Objections 3, 4, 5, 6, 8, and 9

was taken verbatim from Mr. Shade's previous Objections and Objections 1, 2, and 7 put forth arguments previously properly rejected by the Magistrate Judge.

Accordingly, for the reasons discussed by the Magistrate Judge, Petitioner's Objections (ECF Nos. 140, 150) are **OVERRULED**, the Report and Recommendations (ECF Nos. 128, 148) are **ADOPTED** and **AFFIRMED**, the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 100) is **DENIED**, and this case is **DISMISSED with prejudice.**

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Reasonable jurists would not debate the dismissal of this action.  Accordingly, the Court **DECLINES** to issue a certificate of appealability.

    **IT IS SO ORDERED.**

**1/12/2023**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                     **UNITED STATES DISTRICT JUDGE**